# ENRIQUE CERECEDO, AS TRUSTEE,

## *v.*

# JOSÉ MARÍA CALDERÓN.

San Juan, Law, No. 974.

UPON DEMURRER AS TO JURISDICTION.

Bankruptcy—Proceedings and Controversy.

    1. The bankruptcy act contemplates proceedings strictly in bankruptcy, and also controversies as to assets of bankrupts.

Same.

    2. Proceedings in bankruptcy are those begun by petition and ended by distribution of the assets and discharge of bankrupt. This jurisdiction is exclusive. Controversies in relation to property may be exercised in ordinary suits at law and in equity. Proceedings are exclusive, but controversies may be concurrent in state and Federal courts.

Controversies—Consent.

    3. In order to bring controversies in the Federal court, the consent of the defendant is necessary where the parties are of diverse citizenship; but separate consent is not necessary where the defendant has appeared generally.

Controversies—Consent.

    4. The amendatory act of 1903, found in § 23b of the bankruptcy act, does not require the consent of the defendant.

Bankruptcy—Third Parties.

    5. The "third parties" under the Commercial Code of Porto Rico are creditors of the bankrupt firm. A dissolution under the Commercial Code may be valid as to the partners, and invalid as to creditors.

Opinion filed October 22, 1913.

*Mr. H. R. Francis* for demurrant.

*Mr. H. G. Molina* for defendant.

HAMILTON, Judge, delivered the following opinion:

The allegations of the bill, admitted by the demurrer, are that in 1905 a partnership was formed by the bankrupt, the defendant, and others, duly inscribed in the Mercantile Registry. Shortly before this firm ended by limitation in 1908, a deed of dissolution was executed, and the first two constituted a partnership under the same name, but without any entry on the Mercantile Registry, or notice to creditors. On September 18, 1909, the second firm was dissolved, and the present bankrupt, Vila, purchased the interest of Calderón for $5,371.82, on which there is still unpaid $3,000. This dissolution also was not recorded on the Mercantile Registry. José Vila Espitery, doing business under the same firm name and style of Sucesores de G. Rodriguez & Company, was placed in bankruptcy in this court on May 27, 1913. The complaint in the case at bar was filed in August, 1913, by the trustee, for the purpose of recovering the $2,731.82 already paid Calderón. The question raised by the demurrers is the jurisdiction of this court as a court of bankruptcy to entertain the suit.

1. Section 2 of the bankruptcy act [30 Stat. at L. 545, chap. 541, U. S. Comp. Stat. Supp. 1911, p. 1491] vests the district court of the United States "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings. . . ." (7) to determine

Cerecedo v. Calderón.

controversies in relation to the assets of bankrupts. This is general, and the demurrer raises the point that this court has jurisdiction in such a case only under bankruptcy act, § 23 a and b, which says that (a) "the United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts, and such adverse claimants." [30 Stat. at L. 552, chap. 541, U. S. Comp. Stat. Supp. 1911, p. 1499]. (b) "Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under § sixty, subdivision b, and § sixty-seven, subdivision e." [32 Stat. at L. 798, chap. 487, U. S. Comp. Stat. Supp. 1911, p. 1499.]

This requires a consideration of what is meant by controversies at law and in equity as distinguished from proceedings in bankruptcy.

2. Two distinct classes of jurisdiction are conferred on the bankruptcy court. (1) All proceedings in bankruptcy begun by petition and ended by the distribution of assets and discharge of the bankrupt. These are what are known as bankruptcy proceedings. This jurisdiction is exclusive of all other courts, and may be summary in nature. (2) But the statute also confers jurisdiction on the district court of suits at law

Cerecedo v. Calderón.

or in equity by or against the trustee in reference to property claimed to belong to the estate. This jurisdiction can be exercised only in the forms and methods prescribed for ordinary suits at law or in equity, and is in some cases concurrent between the state and Federal courts otherwise having jurisdiction.

3. These last are what are known as controversies arising in bankruptcy, and the demurrer contends that the suit at bar is of this nature. The importance of the distinction is that in this latter case consent of the defendant is alleged to be necessary, because the parties are not of diverse citizenship, and it is urged consent has not been given. But even if the case came under § 23b, it would seem the defendant has submitted to the jurisdiction by appearing generally and demurring on grounds going to the merits of the controversy, as well as to the jurisdiction of the court. Collier, Bankr. 1910 ed. 485.

4. Consent may have been necessary prior to the amendatory act of 1903, but the very terms of § 23b then amended except cases under § 70e. That provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction, if bankruptcy had not intervened, shall

have concurrent jurisdiction." [30 Stat. at L. 566, chap. 541, as amended 32 Stat. at L. 800, chap. 487, U. S. Comp. Stat. Supp. 1911, p. 1511].

Under this the consent of the defendant is not necessary, and diversity of citizenship is not required. The remedy would not be concurrent in the local and in the Federal courts if the suitor was limited by such considerations. As to everything growing out of bankruptcy, Congress could prescribe whatever it saw proper. It is true that this suit is brought in the Federal court on its law side, because it is not a bankruptcy proceeding, but a proceeding arising out of bankruptcy, as above distinguished; but it is nevertheless a jurisdiction given by the bankruptcy act, and that act expressly makes the remedy concurrent in the local and Federal courts. If this suit had been begun in the insular court, there might not be any way of drawing it into the Federal court; but having been brought in the Federal court, there is equally no way of forcing it to be withdrawn, and re-brought in the insular court. The right given by the statute is to expedite the trial of cases, not to delay them.

5. The question was raised upon the argument as to what is bankruptcy. The creditors of the firm are "third parties" within the provisions of articles 24 and 226 of the Commercial Code in force in Porto Rico. They are as follows:

"Art. 24. Articles constituting associations not recorded shall be binding between the members who execute the same; but they shall not prejudice third persons, who, however, may make use thereof in so far as advantageous."

Article 226 provides as follows:

"The dissolution of a commercial association, which proceeds

from any other cause but the termination of the period for which it was constituted, shall not cause any prejudice to third parties until it has been recorded in the Commercial Registry."

The Supreme Court of Spain, construing these provisions in 1885, says: "The dissolution of a partnership by the will of the partners, which is not entered in the Registry, cannot prejudice third persons." The point is made that the deed dissolved the partnership, so as to place in bankruptcy Calderón and the firm under whose name he was doing business, that is to say, Sucesores de G. Rodriguez & Company. This makes dissolution play a double part. As between the parties it was binding, but as to creditors it was not binding to the extent of their debts, that is, about $3,000. On the other hand, Vila is not placed in bankruptcy by this proceeding as he was out of the firm. A construction of the Commercial Code as to this matter, however, is not necessary at this time, as the point, although suggested on the argument, is not raised by the pleadings.

The demurrer is overruled.